**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**AGNES MOSE**                                                                                          **PLAINTIFF**

**V.**                                   **CASE NO. 5:24-CV-5118**

**NORTHWEST ARKANSAS**
**REHABILITATION ASSOCIATES**
**and JESSICA ABRAMSON,**
**in her official as well as individual capacity**                                      **DEFENDANTS**

## ORDER

Pending before the Court are Defendants Northwest Arkansas Rehabilitation Associates ("NWARA") and Jessica Abramson's Amended Motion to Dismiss (Doc. 12) and Brief in Support (Doc. 13). Plaintiff Agnes Mose filed a Response in Opposition (Docs. 15 & 16), and Defendants filed a Reply (Doc. 23). For the following reasons, the Motion is **GRANTED**.

Plaintiff Mose, a Black woman originally from Kenya, was a nurse technician employed by NWARA, and supervised by NWARA employee Abramson. Moses alleges that during her employment, she was subjected to a hostile workplace and racial harassment. She further alleges that after nearly three years on the job, she was fired in retaliation for complaining about the discriminatory treatment she experienced. She asserts the following causes of action: Count 1, a violation of her right to free speech under the Arkansas and United States Constitutions because she was terminated for "sp[eaking] honestly about conditions at work that were unfavorable to being productive," (Doc. 2, ¶ 62); Count 2, a violation of the equal protection clauses of the Arkansas and United States Constitutions due to "explicit[ ] and implicit[ ] discriminat[ion] against Mrs.

1

Mose on the basis of her race," *id.* at ¶ 71, and "targeting Mrs. Mose's behavior [at work] for disparate treatment," *id.* at ¶ 70; and Count 3, a violation of the Arkansas Civil Rights Act ("ACRA") for "race and national origin [discrimination] based on [Mose's] accent and skin color," *id.* at ¶ 75.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants argue that Counts One and Two, alleging violations of the Arkansas and U.S. Constitutions, must be dismissed because Defendants are not state actors, state entities, or arms of the state. In response, Mose claims NWARA "is a partner of the Washington Regional Medical System of Northwest Arkansas," which "is the only not-for-profit, community-owned, and locally governed healthcare system located in Northwest Arkansas. (Doc. 19, p. 2). Therefore, Mose reasons that NWARA as "partner of Washington Regional Medical System" acts under color of state law. This is incorrect.

The Court takes judicial notice of the fact that NWARA is a non-profit corporation and not a state entity. *See* Doc. 23-1; *see also Noble Sys. Corp. v. Alorica Cent., Ltd.*

2

*Liab. Co.*, 543 F.3d 978, 982 (8th Cir. 2008) (filings made with the Secretary of State are public records which can properly be considered on a motion to dismiss). Private entities and individuals who do not act under color of state law cannot violate the First Amendment or its counterpart in the Arkansas Constitution. *Hudgens v. N. L. R. B.*, 424 U.S. 507, 513 (1976); *Aclin Ford Co. v. Cordell*, 274 Ark. 341, 345 (1981). Likewise, the Equal Protection Clause of the U.S. Constitution and the Equality Before the Law provision of the Arkansas Constitution only apply to "such action as may fairly be said to be that of the States." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 169 (1970) (*quoting Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *Brandt v. St. Vincent Infirmary*, 287 Ark. 431, 434 (1985). It is a matter of public record that NWARA is not a state entity, and Mose has failed to allege any facts indicating that Defendants were otherwise acting under color of law. There is no factual content on which the Court can reasonably infer that the alleged violations were attributable to state action. Therefore, Counts One and Two fail to state a claim for relief.

Count Three is also subject to dismissal because Mose's ACRA claim is untimely. An employment discrimination claim under ACRA must be brought within one year of the alleged discrimination or with ninety days of receipt of a "Right to Sue" letter from the EEOC, whichever is later. Ark. Code § 16-123-107(c)(4). However, federal law imposes a 180-day statute of limitations for filing a discrimination charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). And a plaintiff cannot rely on an untimely EEOC charge to support the timeliness of their ACRA claim. *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472 (8th Cir. 2010). Here, Mose attempts to do just that.

Mose alleges that she was terminated on March 31, 2022. Her Charge of

Discrimination with the EEOC is dated December 11, 2023, well over a year after she was terminated and outside the 180-day statute of limitations for EEOC charges. Doc. 13-2; *see Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) ("[A]n EEOC charge is a part of the public record and may be considered on a motion to dismiss."). She received her right-to-sue letter from the EEOC the next day, December 12, 2023, and this lawsuit was filed within 90 days on March 8, 2024. However, because her EEOC charge was untimely, she cannot rely on the right-to-sue letter to establish the timeliness of her ACRA claim. Further, her ACRA claim was brought nearly two years after the alleged discrimination, so it is well outside the alternate one-year statute of limitations. Therefore, her ACRA claim is time-barred.

For the reasons above, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED** on this 15th day of September, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4